## SEEMAN et al. v. TIEDEMAN.

(Supreme Court, Appellate Division, First Department.   February 8, 1901.)

1. SHERIFFS AND CONSTABLES—ATTACHMENT—CARE OF PROPERTY—WATCHMAN
   —CHARGES.
   Where a sheriff had attached property of the value of $650, the fact
   that the property was contained in a store which had three entrances,
   and in a stable in the rear and some distance from the store, to which
   there was one entrance, was no justification for the sheriff's employment
   of six persons to watch the property for 18 days, at a cost of $180, no
   reason being suggested why the various entrances could not have been
   fastened so that one day watchman and one night watchman might not
   have cared for the property.

2. SAME—WATCHMEN EMPLOYED BY PLAINTIFF IN ATTACHMENT.
   Where plaintiff in attachment employed and paid a night watchman
   to care for the property seized, an item in the sheriff's account for mon-
   eys paid to such person as a watchman would not be allowed.

3. SAME—NIGHT WATCHMEN.
   Where attached property was located in a store building having three
   entrances and in a stable having one entrance, and no reason was sug-
   gested why the various entrances could not have been fastened so that
   one watchman could care for the property, a charge by the sheriff for
   two night watchmen in caring for the property should not be allowed.

Appeal from special term, New York county.

Action in attachment by Joseph Seeman and others against Mari
Tiedeman, in which Augustus Acker, sheriff of Richmond county,
interposes a claim for preserving the attached property.   From an
order allowing the sheriff additional compensation, plaintiffs appeal.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN,
O'BRIEN, and INGRAHAM, JJ.

Mark H. Ellison, for appellants.
William M. Mullen, for respondent.

INGRAHAM, J.   It appeared that an attachment was issued di-
rected to the sheriff of the county of Richmond, by which he was
directed to attach the property of the defendant.   Under such at-
tachment the sheriff attached certain personal property of the de-
fendant in the county of Richmond, which included the stock of a
grocery store conducted by the defendant, and which was sold on
the 11th of August, and realized about the sum of $645.52.   The
property was thus in the possession of the sheriff from the 24th of
July to the 11th of August.   To watch over this property for 18
days, the sheriff seems to have employed six persons, to whom he
paid $180.   He justifies this charge upon the ground that the prop-
erty was in a store which contained three entrances, and that an-
other portion of the said property was contained in a stable in the
rear of and some distance from the store, to which there was one
entrance; but there is no reason suggested why these various en-
trances could not have been fastened so that one watchman could
care for the property, without the necessity of having three in at-
tendance.   A charge of $180 for watching property of the value of
$650 for 18 days is grossly excessive, and would certainly require
a very exceptional condition to justify it; and nothing appears in

this case to justify the sheriff in employing more than one day watchman and one night watchman. In the bill as presented by the sheriff he testifies that he paid to one Fleischer for services as watchman $57. In the affidavit presented on behalf of the plaintiffs it appears that Fleischer was employed by the plaintiffs as a watchman upon the property, and that the plaintiffs paid him the sum of $100. This is not denied. Certainly the sheriff is not to be allowed for payment to Fleischer for service that he rendered under the plaintiffs' employment, for which he has been paid. It also appears from the affidavit that the sheriff paid one Donnelly $42 as night watchman, and also paid one Winters, as night watchman, $39. We think that two night watchmen were not required, and that the amount paid to Winters should be disallowed. As to the allowance for caring for the horse, it does not seem to be excessive, and should be allowed.

The order appealed from is, therefore, modified by disallowing the charges in the bill of $57 paid to Fleischer and $39 paid to Winters, and, as modified, the order appealed from is affirmed, without costs. All concur.